UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBER MARTIN SILVAS-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CRAIG APKER, Warden,<br><br>Respondent. | No. 1:18-cv-00620-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 1)** |

Petitioner, Herber Martin Silvas-Rodriguez, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner alleges the United States Bureau of Prisons ("BOP") improperly denied him credit for the time he served in state custody. Respondent, Craig Apker, Warden of the Taft Correctional Institution ("Taft"), filed a motion to dismiss the petition for failure to exhaust administrative remedies. Having reviewed the record as a whole and the applicable law, the Court agrees that Petitioner has failed to exhaust his administrative remedies. Accordingly, Respondent's motion to dismiss is GRANTED.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

I.    **Background**

On September 5, 2008, Petitioner sold methamphetamine to a confidential informant in Nevada. On May 21, 2012, Petitioner violated bail in his Nevada action and was arrested in Utah for drug trafficking crimes that were unrelated to the 2008 Nevada offense.

During the federal investigation of the 2012 Utah drug offense, Petitioner was returned by Utah law enforcement to Nevada. On November 26, 2012, Petitioner was sentenced in the 2009 Nevada case to a minimum of 24 months' imprisonment. Petitioner was credited 194 days for time served and was projected to be released from Nevada state custody in June 2014.

On December 6, 2012, Petitioner was charged by federal indictment in the District of Utah for the 2012 drug offense. On January 16, 2013, the District of Utah issued a Writ of Habeas Corpus Ad Prosequendum ("WHCAP") for Petitioner. Between February 5, 2013 and January 28, 2014,[2] Petitioner was "borrowed" from the state of Nevada. Petitioner pled guilty in the District of Utah on October 29, 2013 to Possession of Methamphetamine with Intent to Distribute (21 U.S.C. § 841(a)(1)). On January 9, 2014, Petitioner was sentenced to a federal term of imprisonment of 96 months. On January 28, 2014, Petitioner was returned to Nevada state custody.

Petitioner completed his Nevada state sentence on June 9, 2014, and was taken into federal custody. Petitioner commenced service of his federal sentence on June 9, 2014. Before entering federal custody, Petitioner did not receive any federal custody credit toward his federal sentence while in state custody. During the time he was "borrowed" from Nevada pursuant to the WHCAP, Petitioner received full credit toward his state sentence.

---

[2] In his petition, Petitioner alleges he the WHCAP period extended from February 4, 2013, to January 9, 2014. However, Respondent included the paperwork from the United States Marshals Service, which shows Petitioner was picked up from Nevada and transferred to Utah on February 5, 2013, and subsequently returned to Nevada on January 28, 2014. (See Doc. 19-1 at 9, 28.)

2

On August 26, 2016, Petitioner submitted an Inmate Request for credit against his federal sentence for the WHCAP time period. The request was denied by Taft personnel, and Petitioner did not administratively appeal the decision.

On May 7, 2018, Petitioner filed his petition for writ of habeas corpus with this Court. Respondent filed a motion to dismiss on October 4, 2018, and Petitioner responded to the motion to dismiss on October 31, 2018.

## II. **Exhaustion of Administrative Remedies**

Petitioner alleges the BOP refused to give him credit for the time he spent in federal prison on the WHCAP. Respondent contends Petitioner's claim fails, because he failed to exhaust his administrative remedies. Petitioner concedes he did not exhaust his administrative remedies.

### A. **Standard of Review**

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (internal citations omitted). The exhaustion requirement

> aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

Although § 2241 does not specifically require exhaustion, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

Because the exhaustion requirement is not a "'jurisdictional prerequisite,' it is subject to waiver in § 2241 cases." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "[T]he district

3

court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.3d 533, 535 (9th Cir. 1990), *overruled on other grounds, Reno v. Koray*, 515 U.S. 50 (1995). The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)).

Federal prisons have a specific administrative remedy procedure through which inmates can present their claims to prison officials. *Martinez*, 804 F.2d at 570; 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of an issue relating to any aspect of the inmate's confinement). The BOP's administrative review begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R. § 542.13. If that fails, the inmate must file a formal written administrative request on form BP-9 with the warden. *Id*. at § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. *Id*. at § 542.15. The inmate can then seek review with the BOP's Officer of General Counsel. *Id*. A final decision from the Office of General Counsel completes the BOP's administrative review procedure. *Id*. at § 542.15(a).

Taft is a facility owned by the BOP, but managed by a private entity. Inmates have a three-tiered remedy procedure through which they can present claims. (Doc. 19-1 at 12-24); 28 C.F.R. 542.10, *et seq*. Inmates must file a request with his local warden, followed by an appeal to the BOP Privatization Branch, and then the BOP Office of General Counsel. *Id*.

4

### B. Petitioner Failed to Exhaust His Administrative Remedies

Petitioner admits he did not exhausted his administrative remedies. He contends, however, that the Court should waive the exhaustion requirement because "the administrative process would be futile, insofar as any further appeal would be untimely and the Respondent would reject Petitioner's claims in any case." (Doc. 22 at 4.)

While Petitioner claims futility, he does not explain *why* it would be futile to submit his claim through the administrative procedure process. Excusing Petitioner would also improperly encourage the deliberate bypass of the BOP's administrative review process. *See Laing*, 370 F.3d at 1000. Based on the foregoing, the Court will not waive Petitioner's exhaustion requirement and his failure to exhaust administrative remedies warrants dismissal of the petition.

### C. The Petition Fails on the Merits

Even if the Court considers Petitioner's claims on the merits, his claim fails.

Although the Court does not have subject matter jurisdiction to review individualized, discretionary determinations made by the BOP, judicial review is available for allegations that BOP actions are contrary to established federal law, violate the Constitution, or exceed statutory authority. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2010). Therefore, the Court has jurisdiction to determine whether non-individualized BOP action is contrary to its authority. *Close v. Thomas*, 653 F.3d 970, 973-74 (9th Cir. 2011).

Petitioner claims the BOP's failure to consider his request for federal credit was contrary to 18 U.S.C. § 3621. Pursuant to 18 U.S.C. § 3621, the BOP "shall designate the place of the prisoner's imprisonment," and "may designate" any correctional facility meeting minimal standards, even if it is not maintained by the federal government, that the BOP "determines to be appropriate and suitable," considering:

1. the resources of the facility contemplated;

2. the nature and circumstances of the offense;

3. the history and characteristics of the prisoner;

4. any statement by the court that imposed the sentence –

    A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    B. recommending a type of penal or correctional facility as appropriate; and

5. any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

A federal sentence begins "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585 (a). Here, the BOP deemed Petitioner's federal sentence to have commenced on June 9, 2014—the date on which he was turned over to federal custody to begin his federal sentence.

Petitioner alleges his federal sentence commenced when federal authorities took custody of him pursuant to the WHCAP. However, taking a defendant in state custody to federal court pursuant to a WHCAP does not constitute the commencement of a sentence under federal law. *Taylor v. Reno*, 164 F.3d. 440, 444-45 (9th Cir. 1998). "'Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration.'" *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) (quoting *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980), *overruled on other grounds by Setser v. United States*, 566 U.S. 231 (2012).

Here, the state of Nevada acquired primary jurisdiction by being the first to arrest Petitioner. "'When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the

accused continues uninterruptedly.'" *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). Therefore, Petitioner was not in federal custody pursuant to the WHCAP, and cannot receive credit towards his federal sentence.

Whether Petitioner is entitled to any credit for his state sentence is based on 18 U.S.C. § 3585(b), which provides as follows:

> Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed;
>
> (2) or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Here, Petitioner was not entitled to federal credit for time served on his state sentence, because it was not a term served "as a result of the offense for which the [federal] sentence was imposed." *Id*. at § 3585(b)(1). Further, Petitioner already received state credit for the time he served on his state sentence. *Id*. at § 3585(b)(2). As such, an award of credit for Petitioner's prior custody on both his state and federal sentences, would violate the plain language of § 3585(b) and is barred. *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time.").

Finally, Petitioner contends his request for credit was not properly reviewed because the BOP did not consider Program Statement 5160.05. (Doc. 1 at 5) (citing *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990)). Pursuant to Program Statement 5160.05(9)(b)(4)(c), "[i]n making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), . ." BOP will send a letter to the sentencing court inquiring whether the court has any objections. Petitioner was not eligible for credit as his federal

sentence was not imposed before his state sentence.  Further, the federal court did not recommend the federal sentence run concurrently or consecutively.

Based on the foregoing, Petitioner is not entitled to custody credit while serving his state sentence.  Therefore, the Court will grant Respondent's motion to dismiss the petition.

**III.     Conclusion and Order**

The Court hereby ORDERS that:

1. Respondent's motion to dismiss is GRANTED;

2. The petition for writ of habeas corpus is DENIED; and

3. The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated:     **December 27, 2018**                              /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE